UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JILL CARUSO,
Individually,

      Plaintiff,

v.

HILTON WORLDWIDE LLC
A Foreign Limited Liability Company

      Defendant.

Case No. 6:25-cv-6465

## COMPLAINT

Plaintiff, Jill Caruso, individually, (hereinafter referred to as "Plaintiff") on her behalf hereby sues the Defendant, Hilton Worldwide LLC. a foreign Limited Liability Company (hereinafter "Defendant"), for Injunctive Relief, for attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and Human Rights Law, McKinneys Consolidated Laws of NY, Art 15, Section 291 *et. seq*

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

    b. 28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

1

        c.    28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

2.    Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and § 1391(c). Defendant does business in the State of New York, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## II.
## PARTIES

3.    Plaintiff realleges paragraphs one (1) through two (2) of this Complaint and incorporates them here as if set forth in full.

4.    Plaintiff Jill Caruso is a resident of Monroe County, Michigan, has spina bifida, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103.

5.    Plaintiff Jill Caruso is substantially limited in performing one or more major life activities, including but not limited to, walking and standing, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

6.    Hilton Worldwide, Inc. owns and operates the Spark by Hilton Rochester University Area hotel at 797 E. Henrietta Rd, Rochester, NY.

## III.
## COUNT I
## VIOLATIONS OF TITLE III OF THE ADA

7.    Plaintiff realleges paragraphs one (1) through seven (6) of this Complaint and incorporates them here as if set forth in full.

8.    Plaintiff has been travelling yearly to Rochester area to visit her long time friend and frequently returns to the area.

9. Plaintiff has visited the property which forms the basis of this lawsuit on May 25, 2025, staying in Room 118, and has plans to return in October 2025 to avail herself of the goods and services offered to the public at the property.

10. There are numerous architectural barriers present at Sparks Hotel that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of Sparks Hotel are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A (the "Standards").

11. Elements and spaces to which there are barriers to access at Sparks Hotel include, but are not necessarily limited to:

    a. The restroom in Room 118 has the following violations:

    - The flush control is located on the narrow side of the toilet so that a disabled individual must reach across their own waste in order to utilize such.

    - The towel rack is out of reach to a disabled individual in a wheelchair.

    b. The shower has the following issues:

    - The horizontal grab bar is located too high for a disabled individual in a wheelchair to use.

    - The shower head is located too high for a disabled individual in a wheelchair to use.

    - Defendant maintains a policy to not place the shower head in the slide control so that a disabled individual in a wheelchair could reach.

    - The floor space in the shower is not wide enough for a disabled individual in a wheelchair to use.

    - The tile is not slip resistant and caused Plaintiff to fall and sustain severe bruising.

    c.    The closet in Room 118 has the following violations:

    -    The ironing board is located too high for a disabled individual in a wheelchair to utilize.

    -    The iron is too high for a disabled individual in a wheelchair to utilize.

    -    The coat rack is located too high for a disabled individual in a wheelchair to utilize.

    d.    The bed is located too high for a disabled individual in a wheelchair to utilize.

    e.    The coat rack by the TV is located too high for a disabled individual in a wheelchair to utilize.

    f.    There are no signs indicating where the disabled parking is located.

    g.    There is an uneven surface on the accessible route that creates a hazard to a disabled individual in a wheelchair.

    h.    There is an excessively high threshold at the entrance that creates a dangerous condition for a disabled individual in a wheelchair.

    i.    The items at the breakfast bar are out of reach to a disabled individual in a wheelchair.

    j.    The items at the "coffee bar" are out of reach to a disabled individual in a wheelchair.

    k.    There is no designated accessible parking at the car charging station for a disabled individual to utilize.

    l.    There are no access aisles at the car charging station for a disabled individual in a wheelchair to utilize.

12.    Defendant failed to remove architectural barriers in existing facilities or offer services in alternative settings when it was readily achievable to do so. 28 C.F.R. § 36.304.

13.     Defendant excluded or otherwise denied equal goods, services, facilities, privileges, advantages, accommodations or other opportunities to Plaintiff Jill Caruso because of her disability, in violation of 42 U.S.C. § 12182(b)(1)(E).

14.     Defendant's unlawful conduct and/or failures to act violated, and continue to violate, Plaintiff Jill Caruso's federal statutory rights, under Title III of the ADA, to be free from discrimination on the basis of disability, "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12182 *et seq.*

15.     Accordingly, Plaintiff was harmed as a direct result of Defendant's actions, omissions, practices, policies, and procedures, described above, which violated the ADA.

16.     The discriminatory violations described in paragraph 13 of this Complaint were personally encountered by Plaintiff. The Plaintiff has been denied the benefits of, services, programs and activities of the Defendant's building and facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

## IV

## VIOLATION OF THE HUMAN RIGHTS LAW

17.     Plaintiff realleges paragraphs one (1) through sixteen (16) of this Complaint and incorporates them here as if set forth in full.

18.     The Defendant has discriminated against Plaintiff by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability, as prohibited by Human Rights Law, McKinneys Consolidated Laws of NY, Art 15, Section 291 *et. seq.*

19.     Plaintiff has desired and attempted to enjoy the goods and services at Sparks Hotel. She has been prevented from doing so due to the existing architectural barriers at the property. As a result, she has been distressed and inconvenienced thereby, and is entitled to monetary damages for her injuries, as provided for in Human Rights Law, McKinneys Consolidated Laws of NY, Art 15, Section 291 *et. seq*.

20.     As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

21.     As a result of being denied full access to the property, Plaintiff has suffered serious injury and bruising to her body.

## V.
## INJUNCTIVE RELIEF

22.     Plaintiffs reallege paragraphs one (1) through twenty-one (21) of this Complaint and incorporates them here as if set forth in full.

23.     Plaintiff expects to visit Defendant's establishment in the future, thus there is a real threat of future injury if the Defendant's discriminatory policies, practices, and procedures do not immediately end.

24.     As a result of Defendant's barriers, practices, policies, and procedures, Plaintiff has suffered, and will continue to suffer irreparable injury due to the Defendant's denial of her statutory rights. There are reasonable grounds to believe that Defendant will continue to engage in the acts and practices prohibited by the ADA. Consequently, injunctive relief is necessary to insure that Defendant complies with the law.

25.	Unless injunctive relief is granted, Plaintiff will continue to suffer immediate and irreparable injury for which there is no adequate remedy at law.

26.	 In order to enforce his rights under the law, Plaintiff has had to retain counsel and thus is entitled to recover attorneys' fees, costs, and expenses.

27.	Plaintiff Jill Caruso has standing to sue for every barrier to access for the mobility-impaired that exist at Defendant' property. Plaintiff has standing to require that all barriers to access on the property for the mobility-impaired are corrected, not merely only those Plaintiff personally encountered.

28.	Defendants' failure to remove the architectural barriers and discriminatory practices constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

29.	It would be readily achievable for the Defendant to remove the architectural barriers and to cease their discriminatory practices.

30.	The Defendant has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

31.	Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

32.	Plaintiff Jill Caruso has a realistic, credible, existing and continuing threat of discrimination from the Defendants non-compliance with the ADA with respect to the property.

Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendant.

33. Plaintiff is aware that it would be a futile gesture to take visit Defendant's property until it becomes compliant with the ADA.

34. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992.

36. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff; or by closing the property until such time as the Defendant cures its violations of the ADA.

37. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and will cause injury, loss and damage to the Plaintiff.

**WHEREFORE,** Plaintiffs respectfully requests that this Court:

    A. Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36 and the Human Rights Law, McKinneys Consolidated Laws of NY, Art 15, Section 291 *et. seq*

        i. by failing to bring Sparks Hote into compliance with the Standards where it is readily achievable to do so; and

      ii.      by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

B.      Order Defendant:

      i.      to make all readily achievable alterations to the establishment; or to make such establishment readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

      ii.      to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

C.      Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.      Award damages under the Human Rights Law, McKinneys Consolidated Laws of NY, Art 15, Section 291 *et. seq*.

E.      Award damages for injuries Plaintiff sustained while staying at Defendant's business.

F.      Order such other appropriate relief as the interests of justice may require.

      Respectfully Submitted,

By: /s/ Pete M. Monismith
Pete M. Monismith, Esq.
1000 Main Street, #2016
Pittsburgh, PA 15215
Ph: 724-610-1881
Pete@monismithlaw.com